Following a jury trial in the District Court, the defendant was convicted of two counts of indecent assault and battery, G. L. c. 265, § 13H, and one count of indecent assault and battery on a child, G. L. c. 265, § 13B.[2] On appeal, the defendant's sole claim is that he was denied a fair trial because the judge failed to conduct a voir dire after two jurors reported having difficulty hearing the victim's testimony. We affirm the convictions.
1. Background. On the first of the two-day trial, the Commonwealth presented the testimony of the victim and the investigating detective. At the conclusion of the victim's testimony, the jury took a recess for lunch. Prior to resuming the Commonwealth's case, the judge addressed the jurors:
COURT : "Was there somebody on the jury that had a little difficulty hearing? All right. Two people? All right. How bad is it? I mean can you make it out or is it too difficult for you to hear, sir?"
JUROR : "Part of it was just sight and, when I could see her, it was easier to hear but she was real quiet."
COURT : "How about you, sir?"
JUROR : "Same thing. I couldn't hear -- it was the volume wasn't high enough when she spoke."
After listening to the two jurors explain the problem, the judge moved one juror to a seat closer to the bench and asked the attorneys to be mindful not to block the jurors' view of the witnesses. The judge also asked that the jurors raise a hand if they experienced any difficulty hearing. The parties did not object or request any further action. There was no indication that the jurors were troubled in their ability to perform their function.
2. Discussion. Where a judge receives reliable information suggesting that a juror may be inattentive,[3] he " 'must take further steps to determine the appropriate intervention. ... Typically, the next step is to conduct a voir dire of the potentially inattentive juror, in an attempt to investigate whether that juror remains capable of fulfilling his or her obligation to render a verdict based on all of the evidence.' The judge has 'substantial discretion in this area,' and on appeal, '[t]he burden is on the defendant to show that the judge's response' " was arbitrary or unreasonable. Commonwealth v. Villalobos, 478 Mass. 1007, 1008 (2017), quoting from Commonwealth v. McGhee, 470 Mass. 638, 644 (2015).
Here, the judge did conduct a voir dire of each juror who indicated difficulty in hearing the victim's testimony. Brief though it was, the judge's inquiry was aimed at determining the extent of the jurors' difficulty: "How bad is it?" The first juror did not indicate that he had missed any testimony; rather, he stated that it had been difficult for him to hear. The second juror chimed in that it was the "same thing" for him. Although this juror began to say that he "couldn't hear," he rephrased and stated that the volume wasn't high enough.
Although further questioning may have clarified the situation somewhat, the tenor of both jurors' remarks indicated that they wanted to inform the judge of their difficulty so that it could be remedied going forward, not that they faced a current dilemma in that they missed significant portions of the victim's testimony. Contrast McGhee, 470 Mass. at 642 (claim was that juror was "sound asleep through most of the afternoon trial"); Villalobos, 478 Mass. at 1008 (claim was that one juror "had fallen asleep several times during testimony" and another juror was "sound asleep").
The fact that both parties were satisfied with the judge's prospective measures supports the view that the jurors' responses did not signal a serious issue. Much may have been conveyed in nonverbal communication, which is one of the reasons that we defer to the trial judge, who had an opportunity to observe the jurors' responses first hand. See Commonwealth v. Lao, 443 Mass. 770, 777 (2005) (describing judge who has opportunity to "observe firsthand the demeanor of each prospective juror," as being in best position to determine impartiality). The judge's decision to conduct a brief voir dire of the jurors and then to let the trial continue while rectifying the situation prospectively was neither arbitrary nor unreasonable.
Judgments affirmed.

The judge withdrew from the jury's consideration a third count of indecent assault and battery, and the jury acquitted the defendant of witness intimidation.

We recognize that the issue in this case was not, strictly speaking, "inattentiveness," however, both parties have used this analytic framework, and a more analogous one has not been suggested to us.